**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

GARY MORRIS,

      Plaintiff,

v.

                                   Case No. 15-12267

MICHAEL EAGEN,
JEROME L. WARFIELD, SR.,
and BARBARA S. SAMPSON

      Defendants.

_____/

**ORDER OF DISMISSAL**

This matter has come before the court on Plaintiff Gary Morris' *pro se* civil rights

complaint under 42 U.S.C. § 1983.  Plaintiff is a state prisoner at Gus Harrison

Correctional Facility in Adrian, Michigan.  The Defendants are three members of the

Michigan Parole Board:  Jerome L. Warfield, Sr., Barbara S. Sampson, and Michael

Eagen, who serves as Chairman of the Parole Board.

The complaint and exhibits allege that, in 1995, Plaintiff was convicted in

Oakland County, Michigan of three counts of criminal sexual conduct in the first degree

and three counts of criminal sexual conduct in the second degree.  He was sentenced

to imprisonment for twenty to forty years for the first-degree convictions and ten to

fifteen years for the second-degree convictions.

The pending complaint challenges Defendants Warfield and Sampson's decision

earlier this year not to release Plaintiff on parole for at least another 18 months.  Plaintiff

alleges that the Defendants' decision violates state law and his constitutional right to

due process of law.  Specifically, Plaintiff argues that the Defendants:  (1) denied him

parole without a proper evaluation of his potential harm to the public; (2) denied him

parole because he did not participate in group therapy even though he has attempted to

participate in sex offender therapy; and (3) relied on inaccurate information that his

criminal history includes past sexual crimes, felony assaultive crimes, and sexually

deviant behavior.

Plaintiff seeks declaratory and injunctive relief from Defendants in their personal

and official capacities.  He wants a new parole hearing, a declaration that the

Defendants' acts violated his constitutional rights, an injunction prohibiting the

Defendants from violating state law, and an injunction prohibiting the Defendants from

relying on any past sexual crimes or past assaultive felony crimes where there is no

record of such conduct.

## I.  STANDARD

Federal district courts are required to screen a prisoner's complaint and to

dismiss the complaint if it is frivolous, malicious, fails to state a claim for which relief can

be granted, or seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir.

2010); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001).  A complaint is frivolous

if it lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325

(1989).

"In determining whether a prisoner has failed to state a claim, [courts] construe

his complaint in the light most favorable to him, accept his factual allegations as true,

and determine whether he can prove any set of facts that would entitle him to relief."

*Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005).  While a complaint "does not

need detailed factual allegations," the "[f]actual allegations must be enough to raise a

2

right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted).

## II.  DISCUSSION

### A. Due Process Claim

At issue here is the constitutional right to due process of law.  "To state a due-process claim, [Plaintiff] must allege that a protected property or liberty interest was violated." *Wershe v. Combs*, 763 F.3d 500, 506 (6th Cir. 2014).

The interest implicated here is a liberty interest.  The Supreme Court, however, has stated that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979).  "[A] mere unilateral hope or expectation of release on parole is not enough to constitute a protected liberty interest; the prisoner 'must, instead, have a legitimate claim of *entitlement* to it.'" *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991) (emphasis in original) (quoting *Greenholtz*, 442 U.S. at 7).  Such a claim "can be created only by the operation of state law." *Crump v. Lafler*, 657 F.3d 393, 397 (6th Cir. 2011).  The question then is whether under state law Plaintiff "had 'a legitimate claim of entitlement to' parole, rather than 'an abstract need or desire for it.'" *Id.* at 399 (quoting *Greenholtz*, 442 U.S. at 7).

"Generally speaking, [in Michigan], 'a prisoner's release on parole is discretionary with the parole board.'" *People v. Holder*, 767 N.W.2d 423, 426 (Mich. 2009) (quoting Mich. Comp. Laws § 791.234(11)).  The court therefore concludes that "Michigan's parole system creates 'no "legitimate claim of entitlement to" parole, and thus no liberty

3

interest in parole.'"  *Wershe*, 763 F.3d at 506 (quoting *Crump*, 657 F.3d at 404).  While

Plaintiff may have expected to be released on parole,

> [l]iberty interests do not arise casually from vague or anticipated hopes.
> They arise instead from legitimate claims of entitlement.  *Roth*, 408 U.S. at
> 577, 92 S.Ct. 2701.  A fair reading of Michigan's parole system reveals
> that it extends the possibility—even to the extent of being probable—that
> parole status will be awarded.  "That the state holds out the possibility of
> parole provides no more than a mere hope that the benefit will be
> obtained."  *Greenholtz*, 442 U.S. at 11, 99 S.Ct. 2100 (citing *Roth*, 408
> U.S. at 577, 92 S.Ct. 2701).

*Crump*, 657 F.3d at 405.

Plaintiff "has identified a basis for his *hope* of parole," but he "has failed to

identify a protectable liberty interest to which he is *entitled* under the Fourteenth

Amendment."  *Id.* (emphasis in original).  And "where there is no life, liberty, or property

interest, there is no due process protection."  *Sova v. Holder*, 451 F. App'x 543, 547 (6th

Cir. 2011) (citing *Patel v. Gonzales*, 470 F.3d 216, 220 (6th Cir. 2006)).

Consequently, even if the Parole Board relied on inaccurate information or improperly

denied Plaintiff parole on the ground that he did not participate in group therapy, Plaintiff

is not entitled to relief. Because Plaintiff has no liberty interest in parole his allegation

that the Defendants violated his federal constitutional right to due process fails to state a

plausible claim for relief.

### B. State Law Claims

The alleged violations of state law fare no better because § 1983 is "limited to

deprivations of *federal* statutory and constitutional rights," and "does not cover official

conduct that allegedly violates *state* law."  *Huron Valley Hosp., Inc. v. Pontiac*, 887 F.2d

710, 714 (6th Cir. 1989) (emphasis in original).  Moreover, federal courts lack

jurisdiction to enjoin state officials on the basis of state law.  *Pennhurst State School &*

4

*Hosp. v. Halderman,* 465 U.S. 89, 124-25 (1984). Therefore, the complaint is summarily

dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The court certifies that

an appeal from this order would be frivolous and could not be taken in good faith. 28

U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 443-45 (962).

### III. Conclusion

Accordingly, IT IS ORDERED that Plaintiff's Complaint [Dkt. # 1] is DISMISSED.


 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  October 26, 2015


I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, October 26, 2015, by electronic and/or ordinary mail.


 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\15-12267.MORRIS.Dismiss.bh.smq.wpd